UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID JAMES MILCENDEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00047-ACL |
| | ) |
| CENTURION HEALTH SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff David James Milcendeau brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. Plaintiff has paid the full filing fee in in this matter; however, he is incarcerated, and this case is against employees of a governmental entity. As such, the matter comes before the Court upon review of the Complaint under 28 U.S.C. § 1915A. For the reasons discussed below, the Court will direct Plaintiff to file an amended complaint on the Court-provided form in compliance with the instructions set out below. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

**Legal Standard on Initial Review**

Plaintiff is a convicted and sentenced state prisoner at the Southeast Correctional Center (SECC), a Missouri Department of Corrections (MDOC) facility located in Charleston, Missouri. ECF No. 1 at 4. He filed this 42 U.S.C. § 1983 action against multiple defendants who provide healthcare to inmates at SECC. *Id.* at 1, 4-6. Although Plaintiff has paid the full filing fee in this matter, under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (holding that the

statutory language of 28 U.S.C. § 1915A applies to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee)).

Under 28 U.S.C. § 1915A, the Court is required to review and dismiss a complaint filed by a prisoner in a civil action if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## The Complaint

Plaintiff names five defendants associated with SECC in this 42 U.S.C. § 1983 action: (1) Centurion Health Services;[1] (2) Dr. Unknown Zarcoff (Centurion doctor); (3) Roxanne Rauscher (SECC head of nursing); (4) Brooklyn Unknown (nurse); and (5) Renee Morton (nurse practitioner). ECF No. 1 at 1, 4-6. Plaintiff sues Centurion and Dr. Zarcoff in both their individual and official capacities, but he does not state the capacity in which he brings suit against the other three defendants. *Id.* at 4-5.

The allegations of the Complaint are as follows. Plaintiff is a diabetic. He asserts that on November 14, 2023, he saw defendants Dr. Zarcoff and nurse practitioner Renee Morton at SECC about a "sore foot." *Id.* at 5. His foot was bandaged. On March 22, 2024, Plaintiff saw a podiatrist,[2] who referred him to a vascular surgeon. On an unspecified date, the surgeon recommended that Plaintiff have a procedure to determine the location of a "blockage" and then have surgery. *Id.* Based on this background, Plaintiff alleges that Centurion acted with deliberate indifference to his serious medical needs "by not providing proper treatment" and by failing "to inform [P]laintiff of all results of all procedures." *Id.* Furthermore, Plaintiff alleges that the

---

[1] Starting November 15, 2021, Centurion Health became the medical services company contracted with the MDOC to provide statewide correctional healthcare – including medical and mental health services for incarcerated people at SECC. *See Centurion: Centurion Health Begins Correctional Health Contract for Missouri Department of Corrections*, https://teamcenturion.com/newsroom/centurion-health-begin-correctional-health-contract-for-missouri-department-of-corrections/ (last visited Sept. 3, 2025).

[2] Plaintiff states that he saw a "Peditrist" and that Dr. Zarcoff failed to follow the orders of the "peditrist." *See* ECF No. 1 at 5-6. The Court liberally interprets this medical professional to be a 'podiatrist'—a person who treats the feet and their ailments. Plaintiff should clarify if this is correct in his amended complaint.

Defendants generally "failed to exercise ordinary care by not following the surgeon[']s orders" and by not providing "the proper treatment for being a diabetic." *Id.* at 5, 9.

As to defendant Dr. Zarcoff, Plaintiff states that the doctor is employed by Centurion and "primaryly [sic] tasked [with] evaluat[]ing offenders and providing [them] proper medical care such as following specialist[']s orders." *Id.* at 6.  According to Plaintiff, Dr. Zarcoff acted with deliberate indifference to Plaintiff's serious medical needs by not following the orders of the podiatrist or the vascular surgeon, and that, as a result, Plaintiff is "confined to a wheelchair and in constant pain." *Id.*  As to defendant Roxanne Rauscher, head of nursing at SECC, Plaintiff alleges that Rauscher "showed deliberate indifference" to Plaintiff's serious medical needs and acted with negligence, when she failed "to assure" that the specialist's orders were followed and that "the nurses under [her] would treat [P]laintiff as directed."  As to defendant Brooklyn Unknown—who Plaintiff describes as the SECC "wound care nurse"—Plaintiff asserts that she acted with negligence and deliberate indifference when she failed "to follow specialist[']s directions in caring for plaintiff[']s infected feet and informing the plaintiff of the results of all test[s]."  Finally, as to defendant nurse practitioner Renee Morton, Plaintiff alleges that Morton acted with negligence and deliberate indifference to his serious medical needs because she knew that Plaintiff needed "the procedures … ordered by the specialist." *Id.*

Plaintiff attached exhibits to the Complaint, including a grievance filing and institutional response.[3]  *Id.* at 2-3.  In May 2024, Plaintiff filed an offender grievance at SECC complaining that it took "too long" (three weeks) to receive a response to his health services request (HSR). *Id.*

---

[3] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

at 2.  Plaintiff asserts that his "provider was not happy" because "she should have seen [his] wound sooner."  Plaintiff further complains that it took seven months for him to receive a response to the IRR he filed at SECC on the same issue.  *Id.*  The SECC institutional response to Plaintiff's grievance states that after he filed a HSR complaining that his "foot hurts," his HSR was "triaged" on "10/21/23," and Plaintiff was seen three weeks later on "11/14/2023."  *Id.* at 3.  Apparently, the goal at SECC is to see patients within five days of HSR submission, but during staffing shortages, patients are "seen in nurse sick call by priority."  *Id.*

For relief, Plaintiff asks for "proper medical care" and money damages totaling $700,000.  *Id.* at 8.  He asserts various injuries, including sleeplessness/sleep deprivation, no special diabetic diet resulting in blood sugar issues, confinement to a wheelchair, and constant pain.  *Id.* at 5-6.

**Discussion**

Based on a careful review and liberal construction of the filings, the Court finds that Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915A(b)(1).  However, because Plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below.  Plaintiff should consider the following legal issues in filing his amended complaint.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference to serious medical needs.  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need.

*Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Deliberate indifference may also be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle*, 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)). To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects. *Id.* at 1119-20*; see also Holden*, 663 F.3d at 342 ("[a] prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis.").

In this case, Plaintiff states that he saw Dr. Zarcoff and nurse practitioner Morton at SECC about problems with his feet related to diabetes, and that he was referred to a podiatrist and then a vascular surgeon.  The surgeon who saw Plaintiff about his feet ordered that Plaintiff have a procedure to locate a blockage and then have surgery.  Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs when they failed to follow through with the orders of the surgeon and the podiatrist.  He also alleges that defendants failed to provide proper diabetic treatment for him, failed to provide proper care for his infected feet, and failed to notify him of unspecified test results.  Plaintiff asserts that because of these failures, he is now confined to a wheelchair and in constant pain.

In addition, according to the grievance filing, it took three weeks for Plaintiff to be seen by Centurion employees at SECC after submitting a health services request about problems with his feet.  Plaintiff was later told by a "provider"—it is unclear if this person was someone at SECC or an outside specialist—that his wound should have been seen sooner.  ECF No. 1 at 2.  The SECC grievance response admits that Plaintiff was not seen within the usual 5-day time frame and implies that the delay was due to a staffing shortage.  During such periods of delay in medical care, patients are seen by Centurion staff based on "priority."  *Id.* at 3.

## I. Individual Defendants

To be cognizable under § 1983, a claim must allege that a defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  Therefore, in order to state a valid § 1983 claim against each named individual defendant, Plaintiff must provide factual allegations demonstrating how each

defendant was personally involved in or directly responsible for incidents that deprived him of his constitutional rights. *Martin*, 780 F.2d at 1338.

Although Plaintiff clearly states that he suffered from an objectively serious medical need, as he had diabetes, and his feet were diagnosed by a physician as requiring treatment and referral to outside specialists he does not provide sufficient allegations demonstrating that each defendant was aware of his serious medical needs and deliberately disregarded them.

As for the allegation that defendants failed to follow the orders of the outside medical specialists, it is not clear which defendant or defendants were personally responsible for following those orders. There is no allegation as to who had authority to order that Plaintiff receive the treatment recommended. Without any indication that a specific defendant had this authority, that defendant cannot be personally liable or directly responsible for Plaintiff not receiving the ordered treatment. Plaintiff must provide factual allegations indicating which individual defendants were aware of the surgeon's orders, had the authority to order make sure they were followed, and failed to do so. *See Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023) (discussing how a person can manifest deliberate indifference by intentionally delaying or denying access to medical care "or *intentionally interfering with treatment or medication that has been prescribed*." (emphasis in original)).

As for Plaintiff's allegation that Roxanne Rauscher failed to make sure that the nursing staff were correctly caring for him and that wound care nurse Brooklyn failed to follow the specialist's orders regarding care of his infected feet, Plaintiff does not provide any evidence as to any orders from the podiatrist, or the surgeon, on proper care of his infected feet. The surgeon's order that Plaintiff have a procedure to identify the location of a blockage and have surgery on it, does not include any specific medical treatment concerning the wound care required for Plaintiff's

feet. Plaintiff does not provide any evidence that the podiatrist ordered any specific medical care, so the Court cannot find that any orders from that medical professional were ignored. Similarly, as to Plaintiff's allegation that he was not informed about test results, Plaintiff does not explain what test results he was not informed about, who had the responsibility to inform him, and how the lack of information caused him any constitutional harm.

Finally, Plaintiff also asserts that defendants Roxanne Rauscher, Brooklyn Unknown, and Renee Morton acted negligently in terms of his medical treatment. However, allegations of negligent medical care are not enough to state a violation of a constitutional right and therefore, are not enough to state a § 1983 claim. *See Estelle*, 429 U.S. at 106 (holding that allegations of mere negligence in giving or failing to supply medical treatment will not suffice to establish cruel and unusual punishment); *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1054-55 (8th Cir. 2020) (finding negligent conduct not enough to establish a violation of an underlying constitutional right in a § 1983 claim).

Accordingly, if Plaintiff wants his Eighth Amendment claims against any of the individual defendants to proceed, his amended complaint must provide facts indicating how each defendant was aware of a specific medical need, and how each defendant deliberately disregarded those needs in making decisions about Plaintiff's medical treatment.

## II. Defendant Centurion Health Services

To state a claim against Centurion, Plaintiff must allege that a policy or custom of Centurion inflicted injury actionable under § 1983. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). Plaintiff must establish the liability of Centurion itself for the alleged conduct. *See Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018); *Kelly*, 813 F.3d at 1075. To demonstrate such liability,

Plaintiff must show that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Centurion is the contracted healthcare provider for inmates at SECC. To state a § 1983 claim against Centurion, Plaintiff must allege that a specific Centurion policy, unofficial custom, or failure to train or supervise resulted in a violation of his constitutional rights. In this case, it is unclear if Plaintiff is alleging that a Centurion policy or action caused him to not receive proper diabetic treatment or to not receive the care ordered for his feet by the specialists. Furthermore, Plaintiff may be trying to allege that Centurion's short-staffing resulted in him not receiving proper medical care in a timely manner. Or possibly that Centurion failed to adequately train the SECC medical staff on triaging and prioritizing medical problems, as Plaintiff's problem with his feet was not considered important enough to mandate a visit with the doctor in less than 24 days. In his amended complaint, Plaintiff must clarify exactly what he is alleging against defendant Centurion and provide facts in support of his claim.

**Instructions for Filing an Amended Complaint**

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636-37 (3d ed. 2010))); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from

the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. Plaintiff must **type or neatly print** the amended complaint on the Court-provided Prisoner Civil Rights Complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting his claim or claims against that defendant, as well as the constitutional right or

rights that defendant violated. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant and the constitutional rights violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

## Conclusion

Plaintiff should file an amended complaint, on the Court-provided form, in compliance with the instructions detailed herein. Plaintiff is warned that his amended complaint will also be reviewed under 28 U.S.C. § 1915A(b)(1). If Plaintiff fails to file an amended complaint within 30

days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **30 days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FINALLY ORDERED** that upon submission of the amended complaint, the Court will again review this action pursuant to 28 U.S.C. §1915A.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this action, without prejudice and without further notice.**

Dated this 1st day of October, 2025.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE