**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DAVID JAMES MILCENDEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00047-ACL |
| | ) | |
| CENTURION HEALTH SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon its own motion. On August 10, 2026, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for his failure to complete service on defendants as required under Federal Rule of Civil Procedure 4(m). [Doc. 15]. A copy of the Order was mailed to Plaintiff at the address he provided to the Court. However, on August 24, 2026, the Order was returned as undeliverable without a forwarding address. [Doc. 16]. To date, nothing has been filed by Plaintiff in response to the Court's Order. As such, for the reasons discussed below, this case will be dismissed.

To the extent Plaintiff has failed to respond because he never received the Court's August 10, 2026 Order, this case is subject to dismissal for Plaintiff's failure to follow the Local Rules. Local Rule 2.06(B) requires every self-represented party to promptly notify the Clerk (and all other parties) of any change in address. Local Rule 2.06(B) further provides that "[i]f any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice." The Court's Order was returned as undeliverable on August 24, 2026. More than

thirty (30) days have passed since the mail from the Clerk was returned, and Plaintiff has not informed the Court of a new address.

In addition, this case is dismissed for Plaintiff's failure to respond to the Court's Order to Show Cause and his failure to complete service on defendants as required under Federal Rule 4(m). The Show Cause Order required a response within thirty (30) days, and nothing has been received by the Court. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. Furthermore, Federal Rule 4(m) requires service on defendants within 90 days. This deadline has passed and there is no indication that any defendant has been served. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's August 10, 2026 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __5th__ day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE